Gibson v. Wood.

---

CHARLES E. GIBSON, *Appellant,* v. BEN WOOD *et al.,* *Appellees.*

No. 16,338.

TAX DEEDS—*Time of Issuance—Presumption.* A tax deed more than five years old held good upon its face although it showed that it was executed more than four years after the sale on which it was based.

Appeal from Stanton district court; WILLIAM H. THOMPSON, judge. Opinion filed February 12, 1910. Affirmed.

*Thomas A. Scates,* and *Albert Watkins,* for the appellant.

*George D. Rathbun,* for the appellees.

*Per Curiam:* The only question involved in this case,. it is conceded, is the validity of a tax deed under which the appellees claim title to the land in question, and which had been of record more than five years before the commencement of the action.

The appellant claims that the deed is void, in that it. was issued more than one year after the assignment of the tax certificate by the county clerk, such assignment. having been made more than three years after the sale of the land for taxes. The appellees, on the other hand, contend that the tax deed, since it has been of record more than five years, although it does not show that a. prior tax deed had been issued under the tax-sale assignment, is valid.

In *Gibson v. Young,* ante, p. 185, it was held, as to infirmities alleged to exist in the proceedings which might. invalidate a tax deed, as follows :

"It has frequently been decided that where a tax deed is valid upon its face, and has been of record and parties. have been in possession under it more than five years, no infirmity which does not appear upon its face can be litigated." (Page 186.)

The decision in this case is in full accord with, and is. warranted by, that case, and the judgment is affirmed..